IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-21761-CIV-DIMITROULEAS

MICHAEL PARIS, as Personal
Representative of the Estate of
HENRY PARIS, JR., deceased,
and CHRISTIE HEGEL,

    Plaintiffs,

v.

PROGRESSIVE AMERICAN INSURANCE
COMPANY and PROGRESSIVE SELECT
INSURANCE COMPANY,

    Defendants.
_____/

## JOINT SCHEDULING CONFERENCE REPORT

Plaintiffs, Michael Paris and Christie Hegel (collectively, "Plaintiffs"), and Defendants, Progressive American Insurance Company and Progressive Select Insurance Company (collectively, "Defendants"; and together with Plaintiffs, the "Parties"), pursuant to S.D. Fla. L.R. 16.1, Fed. R. Civ. P. 26(f), and the Order Requiring Counsel to Meet, File Joint Scheduling Report and Joint Discovery Report (ECF No. 55 (the "Order")), submit their Joint Scheduling Conference Report as follows:

    **A.**    **Likelihood of settlement.**

The Parties have discussed the likelihood of settlement. The Parties will discuss the issue of potential settlement in good faith as warranted.

    **B.**    **Likelihood of appearance in the action of additional parties.**

At the present juncture, the Parties are not aware of the likelihood of the appearance of additional parties. The Parties propose September 3, 2019, as the deadline for amending pleadings, including the joinder of any additional parties.

**C.     Proposed time limits.[1]**

The Parties propose that this case be assigned to the complex case management track. The Parties' proposed deadlines are contained in the attached Joint Scheduling Form.

The Parties agree that this Florida state-wide putative class action lawsuit is complex and requires a more protracted schedule, especially to accommodate what likely will be a lengthy and complex fact discovery period. Further, in the event that the case proceeds as a putative class action, the schedule needs to accommodate class certification proceedings.

This case is not yet at issue. On February 11, 2019, Plaintiffs filed their Second Amended Class Action Complaint for Damages (ECF No. 32). While pending in the United States District Court for the Middle District of Florida, the case was stayed. (ECF No. 41.) Defendants have not yet responded to the Second Amended Class Action Complaint. Defendants will likely file a motion to dismiss in response to the Second Amended Class Action Complaint. Defendants may move to stay any discovery until any such motion to dismiss is adjudicated. Plaintiffs do not believe discovery should be stayed pending adjudication of the Motion to Dismiss.

In addition, subject to any rulings on the motion to dismiss (or further dispositive motions) and any amendments to the pleadings that expand the scope of this case, there is a possibility that over ten days of trial may be required.

The Parties' proposed agreed schedule (contained in the attached proposed order) is a few months beyond the discovery time frame (365 days for the completion of all discovery) for

---

[1] The time limits in, or the stages of, this Action could be affected by the potential transfer and stay issues explained more fully in Section L below.

complex track cases, and for the reasons stated above, the Parties believe that the proposed agreed schedule is warranted and should be approved by this Court.

Among the proposed limits of time, the Parties propose the following:

(1)    To join other parties and to amend the pleadings:  September 3, 2019

(2)    To file and hear motions: November 16, 2020

(3)    To complete discovery: October 15, 2020

(4)    To file class certification motions: January 15, 2020 (the Parties agree that any Responses to class certification motions will be due by February 15, 2020, and that any Replies will be due by March 1, 2020).

**D.     Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment.**

The Parties agree to work diligently to simplify the issues as the case progresses. Defendants will likely move to dismiss the Second Amended Complaint, which may eliminate or narrow certain issues. The Parties anticipate that they will each file a motion for summary judgment as necessary. The Parties propose a deadline of November 16, 2020, for dispositive motions.

**E.     Necessity or desirability of amendments to the pleadings.**

At the present time, the necessity or desirability of amendments to the pleadings is unknown. The Parties propose a deadline of September 3, 2019, for the amendment of pleadings.

**F.     Possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding**

**authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence.**

The Parties will in good faith attempt to obtain: (1) admissions of facts and of documents which will avoid unnecessary proof; (2) stipulations regarding the authenticity of documents; (3) protocols for the production of electronically stored information. The Parties will seek advance rulings from the Court on the admissibility of evidence as necessary.

**G.     Suggestions for the avoidance of unnecessary proof and cumulative evidence.**

The Parties will work together in good faith to enter into stipulations to avoid unnecessary proof and cumulative evidence.

**H.     Referring matters to a Magistrate Judge.**

The Parties do not consent to referral of dispositive motions to a Magistrate Judge, nor do the Parties elect to have this case proceed before a Magistrate Judge for trial. The Parties consent to the Magistrate Judge ruling on discovery matters.

**I.     Preliminary estimate of the time required for trial.**

Defendants estimate that, subject to any narrowing of the issues in this case based on pre-trial motions or amendments, approximately ten (10) days will be required for trial. To the extent that the scope of the case is expanded (*e.g.*, by amendment of the pleadings), Defendants believe it is likely that in excess of ten (10) days will be required for trial. Plaintiffs believe that to the extent a trial is necessary, it will likely be resolved in 5-7 days.

**J.     Requested date or dates for conferences before trial, a final pretrial conference, and trial.**

The Parties request that a pre-trial conference take place approximately four weeks before trial. The Parties request that the Court schedule trial for a date on or after March 22, 2021.

**K.     Issues about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist.**

While the parties have generally discussed the concept of ESI, no discovery requests have been responded to as of the time of this report which would frame any particular examples of disagreement. As to any privacy/confidentiality concerns, the parties anticipate drafting and attempting to agree upon an order that will address ESI and confidentiality issues.  To the extent that there are any disagreements over ESI as the case progresses, the parties will promptly bring such issues to the Court's attention.

**L.     Any other information that might be helpful to the Court in setting the case for status or pretrial conference.**

Defendants state that this Action was transferred to this Court from the Middle District of Florida pursuant to an Order issued by United States District Judge Mary S. Scriven on the basis that a similar case to this one, *South v. Progressive Select Ins. Co.*, M.D. Fla. Case No. 8:18-cv-2567-MSS-JSS, transferred Case No. 1:19-cv-21760-MGC (S.D. Fla.) ("the *South* case"), was simultaneously transferred to this Court.  (ECF No. 47.)  There is currently a motion to transfer pending in the *South* case to transfer that case back to the Middle District of Florida.  Defendants submit that, depending on the resolution of the transfer issue in the *South* case, transfer of this Action may be appropriate.  Defendants previously set forth the basis for transfer in a separate

motion (ECF No. 59). Plaintiffs submit that transfer is inappropriate for reasons that will be set forth in their Opposition to Defendants' Motion to Transfer. Plaintiffs additionally point that they filed a Notice of Related Case pointing this court to another case, *Hernandez*, currently pending in the Southern District, and that consolidation of that case might impact the Scheduling Order filed here. In addition, Defendants note that Defendants have filed Defendants' Motion to Stay Action in Favor of Prior Pending Action which remains pending (*see* ECF No. 30), and, on the issue of consolidation, Defendants have previously set forth their position and do not necessarily agree that consolidation would be appropriate; to the extent that any further filings propose consolidation or address new developments, Defendants will set forth their position on such consolidation in response to any such filings. Plaintiffs note that Plaintiffs previously filed in the Middle District (prior to the transfer Order) a Motion to Consolidate this case with the *South* case, which remains pending at this time. Any of the transfer, consolidation or stay issues could affect scheduling. Defendants submit this report in order to comply with this Court's Order but preserve their positions regarding the stay, transfer, and consolidation issues.

**M.    Discovery Plan**

In compliance with Paragraph 3 of the Order, the Parties incorporate herein their discovery plan report and address the subjects encompassed in Fed. R. Civ. P. 26(f) as follows:

The Parties have already made their Rule 26(a) disclosures.

The subjects on which discovery may be needed may be impacted by the Court's rulings on dispositive motions. The deadlines by which discovery should be completed is otherwise set forth herein and in the accompanying proposed scheduling order.

As to electronically stored information, see Section K above.

As to issues about claims of privilege or of protection of trial-preparation materials, the Parties are currently unaware of any disputes or disagreements. In the event that a dispute or disagreement arises, the Parties will endeavor to attempt to resolve the issue and, failing such resolution, bring the matter to the Court's attention for determination.

At the present juncture, subject to what is otherwise noted herein, the Parties do not propose any additional limitations on discovery other than those imposed under the Federal Rules of Civil Procedure or the Local Rules of the Southern District of Florida, without waiving the right to seek limitations should such a need arise.

At the present juncture, the Parties are unaware of any orders that the Court should issue under Rule 26(c), Rule 16(b), or Rule 16(c), other than as otherwise addressed herein.

Dated July 3, 2019.

Respectfully submitted,

| | |
|---|---|
| */s/ Bryan T. West* | */s/ Ed Normand* |
| BRYAN T. WEST | EDMUND A. NORMAND |
| Florida Bar No. 83526 | Florida Bar No. 865590 |
| bryan.west@akerman.com | ed@normandpllc.com |
| MARCY LEVINE ALDRICH | JACOB L. PHILLIPS |
| Florida Bar No. 0968447 | Florida Bar No. 0120130 |
| marcy.aldrich@akerman.com | jacob.phillips@normandpllc.com |
| **AKERMAN LLP** | **NORMAND PLLC** |
| Three Brickell City Centre, Suite 1100 | 3165 McCrory Place, Ste. 175 |
| 98 Southeast Seventh Street | Orlando, FL 32803 |
| Miami, FL 33131-1714 | Telephone: (407) 603-6031 |
| Telephone: (305) 374-5600 | Facsimile: (888) 974-2175 |
| Facsimile: (305) 374-5095 | |
| | CHRISTOPHER J. LYNCH |
| ***Counsel for Defendants*** | Florida Bar No. 331041 |
| | clynch@hunterlynchlaw.com |
| | **Christopher J. Lynch, P.A.** |
| | 6915 Red Road, Suite 208 |
| | Coral Gables, FL 33143 |
| | Telephone: (305) 443-6200 |
| | Facsimile: (305) 443-6204 |
| | |
| | ***Counsel for Plaintiffs*** |