IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**CASE NO.: 19-21761-CIV-DIMITROULEAS**

MICHAEL PARIS, as Personal
Representative of the Estate of
HENRY PARIS, JR., deceased,
and CHRISTIE HEGEL,

      Plaintiffs,

v.

PROGRESSIVE AMERICAN
INSURANCE COMPANY and
PROGRESSIVE SELECT
INSURANCE COMPANY,

      Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS SECOND
AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

Defendants Progressive American Insurance Company ("Progressive American") and Progressive Select Insurance Company ("Progressive Select") (collectively, "Defendants"), pursuant to Fed. R. Civ. P. 12(b)(6), hereby move to dismiss the Second Amended Class Action Complaint for Damages (ECF No. 32) (the "Complaint" or "Compl.").[1] In support of this Motion, Defendants rely on the memorandum of law incorporated herein.

---

[1] While Defendants are filing this Motion to Dismiss at this juncture, Defendants note that also currently pending are Defendants' Motion to Stay Action in Favor of Prior Pending Action (ECF No. 30) and Defendants' Motion to Transfer Case to the United States District Court for the Middle District of Florida (ECF No. 59).

49327581;1

**Introduction**

This putative class action arises out of two automobile insurance claims involving insured vehicles which were deemed to be total losses following accidents. Plaintiff Michael Paris ("Paris") is the alleged personal representative of the deceased Henry Paris, who was the named insured under a Progressive American insurance policy. (Compl., ¶ 1; *see also id.*, ¶¶ 20-26.) Christie Hegel ("Hegel") was the named insured under a Progressive Select insurance policy. (*Id.*, ¶¶ 1, 27-33.) To summarize the nature of their individual and putative class claims, Plaintiffs allege:

> This lawsuit is brought by Plaintiffs on behalf of themselves and all other similarly situated insureds that have suffered damages due to Defendants' practice of refusing to pay full ACV [Actual Cash Value] mandatory regulatory taxes, costs and fees (Full Total Loss Payment or "FTLP") to first-party total-loss insureds on physical damage policies containing comprehensive and collision coverages.

(*Id.*, ¶ 3.) In essence, Plaintiffs claim that a payment for actual cash value under their respective policies should have included an additional component for the payment of sales tax, title transfer fees, and tag transfer fees and that failure to pay such amounts on a total loss claim amounts to breach of contract. (*Id.*, ¶¶ 34-39.)[2]

In terms of the class action allegations, in addition to making allegations under Fed. R. Civ. P. 23(a), Plaintiffs assert that they are bringing this as a putative class action under Fed. R. Civ. P. 23(b)(3). (Compl., ¶¶ 57, 61.) Plaintiffs seek to assert a class action on behalf of two classes:

**PROGRESSIVE AMERICAN CLASS**

> All insureds, under any Florida policy issued by Progressive American Insurance Company with the same operative policy language covering a vehicle with private-passenger auto physical damage coverage for comprehensive or collision loss

---

[2] Defendants deny that any such breach of contract occurred or that Plaintiffs have accurately construed the policies, but recite these as being Plaintiffs' allegations for purposes of this Motion to Dismiss.

where such vehicle was declared a total loss, who made a first-party claim for total loss, and whose claim was adjusted as a total loss, within the five year time period prior to the date on which this lawsuit was filed until the date of any certification order.

\* \* \*

### PROGRESSIVE SELECT CLASS

All insureds, under any Florida policy issued by Progressive Select Insurance Company with the same operative policy language covering a vehicle with private-passenger auto physical damage coverage for comprehensive or collision loss where such vehicle was declared a total loss, who made a first-party claim for total loss, and whose claim was adjusted as a total loss, within the five year time period prior to the date on which this lawsuit was filed until the date of any certification order.

(*Id.*, ¶¶ 63-64.)  Further to the class membership, Plaintiffs allege:

Counsel in this class action is not aware of any previously filed litigation against the Defendants in which any of the members of the class are a party and which any question of law or fact in the subject action can be adjudicated.

(*Id.*, ¶ 66.b.)[3]

The Complaint asserts two counts for breach of contract--- one count for each of the Defendants. (Compl. at pp. 15-17.)  Count I is asserted by Paris (individually and on behalf of the Progressive American Class) against Progressive American, while Count II is asserted by Hegel (individually and on behalf of the Progressive Select Class) against Progressive Select.  As their requested relief for breach of contract, Plaintiffs seek damages, injunctive relief, attorney's fees, costs, and interest.  (*Id.*, ¶¶ 81, 92; *see also* Prayer for Relief.)

---

[3]   Plaintiffs make this allegation despite the fact the case of *South v. Progressive Select Ins. Co.*, Case No. 1:19-cv-21760 (S.D. Fla.), was filed on September 18, 2018, and this case was not filed until November 6, 2018.  Plaintiff Hegel would appear to be a class member within the class definition in the *South* case.  United States District Judge Mary Scriven, in conjunction with a transfer of the *South* case, transferred this action from the Middle District of Florida to the Southern District of Florida "due to its substantial similarity with the South action." (ECF No. 47 at 2.)

Plaintiffs' breach of contract claims should be dismissed, at least in part, for two reasons. Those reasons are explained in detail below.

First, Plaintiffs' breach of contract claims are based, in part, on a theory that Progressive American and Progressive Select allegedly failed to pay sales tax to insureds on total loss claims. However, Plaintiffs expressly allege that Paris was, in fact, paid sales tax by Progressive American. Thus, Paris does not possess a viable individual claim for breach of contract for a purported failure to pay sales tax. As such, without an individual claim on that issue, Paris also lacks standing to assert such a claim on behalf of a putative class.

Second, Plaintiffs assert only two counts in the Complaint, which are both for breach of contract and damages, but, remarkably, Plaintiffs seek relief in the form of an injunction within each breach of contract count. In addition to the fact that Plaintiffs did not plead the requisite elements for a claim for an injunction, it is well-established that a claim for monetary relief is antithetical, as a matter of law, to a claim seeking injunctive relief. Further, even if Plaintiffs had pleaded the elements for seeking an injunction (which they did not), they did not plead the facts required for pleading standing to pursue prospective relief, as required under Eleventh Circuit standards (and, as to Paris, those facts would be impossible to allege). The requests for injunctive relief, thus, should be dismissed or stricken.

## Argument

### I. PLAINTIFFS HAVE FAILED TO ALLEGE--- AND CANNOT ALLEGE--- A BREACH OF CONTRACT CLAIM BY PARIS FOR THE PAYMENT OF SALES TAX.

Plaintiffs allege that their breach of contract claim is based, in part, on a purported failure to pay sales tax to Plaintiffs. (*See* Compl., ¶¶ 38-39, 53, 81, 92.) However, as to Paris, Plaintiffs allege that Paris was, in fact, ***paid*** the full amount of sales tax. (*See id.*, ¶¶ 23-25.) As reflected in

Paragraphs 23 through 25 of the Complaint, Paris received a sales tax payment in excess of 6.6%. As such, any claim by Paris for an alleged failure to pay sales tax fails based on the four corners of the Complaint.

As the Eleventh Circuit has noted, "just as a plaintiff cannot pursue an individual claim unless he proves standing, a plaintiff cannot represent a class unless he has standing to raise the claims of the class he seeks to represent." *Wooden v. Board of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1288 (11th Cir. 2001). In asserting a putative class action, a named plaintiff must have standing; otherwise, the case is subject to dismissal. *See Hammond v. Reynolds Metals Co.*, 219 Fed. App'x 910, 915 (11th Cir. 2007); *Mediterranean Villas Condo. Ass'n v. Moors Master Maintenance Ass'n*, No. 11–23302–Civ., 2012 WL 882508, at *2-*4 (S.D. Fla. Mar. 14, 2012).

As a matter of law, the allegation that Paris allegedly was not paid title transfer and tag fees does not provide Paris with standing to pursue claims for the payment of sales tax. *See Blum v. Yaretsky*, 457 U.S. 991, 999 (1982) ("Nor does a plaintiff who has been subject to injurious conduct of one kind possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject."); *Navellier v. Florida*, 672 Fed. App'x 925, 928-30 (11th Cir. 2016) (noting that "[i]ndividual standing requirements must be met by anyone attempting to represent his own interests or those of a class" and holding that, while plaintiffs had standing to pursue certain types of claims, they were not permitted to assert claims on behalf of a proposed class as to types of claims where plaintiffs did not possess their own standing). To the extent that any sales tax claim is embedded in Count I by Paris (and it appears that there is, as alleged in Paragraph 81 of the Complaint), that claim should be dismissed.

Because Paris does not possess a viable claim for the alleged failure to pay sales tax, there is no named plaintiff that possesses any such claim against Progressive American (*i.e.*, Hegel was

not insured by Progressive American). Accordingly, to the extent that Plaintiffs purport to bring an individual claim for payment of sales tax through Paris, both Paris's individual claim and all claims against Progressive American related to the payment of sales tax must be dismissed.

## II. BOTH BREACH OF CONTRACT COUNTS SHOULD BE DISMISSED TO THE EXTENT THAT THEY SEEK AN INJUNCTION.

### A. Plaintiffs Have Failed to Plead the Required Elements for Injunctive Relief.

Within each of their breach of contract counts (Counts I and II), Plaintiffs allege that they are entitled to a judgment for "injunctive relief." (*See* Compl., ¶¶ 81, 92.) In addition, although the only two counts in the Complaint are for breach of contract, in their "Prayer for Relief," Plaintiffs likewise request "injunctive relief to prevent continuation of this illegal practice and for other injunctive relief as is proven appropriate in this matter." (*Id.* at p. 18.)[4] The simple fact that Plaintiffs seek injunctive relief *for a breach of contract claim* based on alleged underpayment dooms any such claim for relief, and the portions of Count I and Count II seeking an injunction for breach of contract should be dismissed; the claim for injunctive relief in the "Prayer for Relief" should also be stricken.[5]

In order to plead entitlement to a permanent injunction, "a party must show: (1) that he has prevailed in establishing the violation of the right asserted in his complaint; (2) there is no adequate remedy at law for the violation of this right; and (3) irreparable harm will result if the court does not order injunctive relief." *Garcia v. Kashi Co.*, 43 F. Supp. 3d 1359, 1390 (S.D. Fla. 2014) (granting motion to dismiss where adequate remedy at law existed). Moreover, courts have also

---

[4]   The Complaint also contains other references to injunctive relief. (*See* Compl., ¶¶ 14, 71.)

[5]   Plaintiffs' inclusion of injunctive relief for breach of contract is also odd in light of the fact that Rule 23(b)(2) is typically dedicated to injunctive and declaratory relief class actions, while Rule 23(b)(3) is typically dedicated to monetary relief class actions. *See Wooden*, 247 F.3d at 1287 n.23. In this case, Plaintiffs only assert a putative Rule 23(b)(3) class action. (Compl., ¶ 57.)

required plaintiffs to plead "that the threatened injury to the plaintiff will outweigh any threatened harm the injunction may do to defendant" and that "granting the permanent injunction will not disserve the public interest." *Diaz v. Cobb*, 435 F. Supp. 2d 1206, 1210 (S.D. Fla. 2006) (citations omitted). Plaintiffs allege none of these elements, and, in fact, Plaintiffs' pleading negates their ability to establish these elements.

It has been held that, "where money damages will adequately compensate a plaintiff for his alleged harms, the plaintiff cannot establish the inadequacy of a remedy at law or that irreparable injury will occur absent an injunction." *Dear v. Q Club Hotel, LLC*, Case No. 15–60474–CIV–COHN/SELTZER, 2015 WL 4273054, at *3 (S.D. Fla. July 14, 2015) (granting motion to dismiss where plaintiff "has entirely failed to allege in his Complaint that his remedies at law are inadequate or that he would suffer irreparable harm absent an injunction"). Thus, when an insured claims underpayment of an automobile insurance claim, the insured has a sufficient remedy at law for damages. *See State Farm Mut. Auto. Ins. Co. v. Altamonte Springs Diag. Imaging, Inc.*, No. 6:11–cv–1373–Orl–31GJK, 2012 WL 1565387, at *4 (M.D. Fla. May 2, 2012) (granting motion to dismiss, noting that equitable relief in the form of a declaratory judgment or an injunction is not available where there is a sufficient remedy at law).[6]

Plaintiffs here do not allege the requisite irreparable harm or the lack of a remedy at law. The ostensible explanation for this omission is that a claim for insurance benefits can be compensated with money. Indeed, Plaintiffs seek such relief in both counts for breach of contract

---

[6] Similarly, injunctive relief is not appropriate to challenge conduct that has already occurred. *See Tucker v. Citigroup Global Markets Inc.*, No. 2:06-cv-585-FtM-34DNF, 2007 WL 2071502, at *6-*7 (M.D. Fla. Jul. 17, 2007). As to their individual claims, both Paris and Hegel are taking issue with alleged past failures to pay their claims. And, without individual standing to assert a claim for an injunction, they would not have standing to assert such a claim on behalf of others.

7

49327581;1

(seeking compensatory damages), and the title of the Complaint is "Second Amended Class Action Complaint *for Damages*" (emphasis added). (*See also* Compl., ¶ 3 ("This lawsuit is brought by Plaintiffs on behalf of themselves and all other similarly situated insureds that have suffered damages. . .").) For that basic reason alone, the breach of contract counts seeking an injunction should be dismissed. *See SME Racks, Inc. v. Sistemas Mecanicos Para, Electronica, S.A.*, 243 Fed. App'x 502, 503-04 (11th Cir. 2007) (affirming district court's denial of injunction where alternative relief in the form of breach of contract damages was available); *Mouton v. School Bd. of Collier County*, No. 2:11–cv–568–FtM–29DNF, 2012 WL 3639004, at *8 (M.D. Fla. Aug. 23, 2012) (dismissing claim for injunctive relief where complaint failed to adequately allege that no adequate remedy at law was available).

### B. While Both Plaintiffs Have Failed to Plead the Requisite Facts to Seek Prospective Relief, Any Attempt to Plead an Entitlement to an Injunction by Paris Would Be Particularly Futile.

As the Eleventh Circuit has held, "a plaintiff seeking prospective injunctive relief must 'allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future.'" *Stevens v. Osuna*, 877 F.3d 1293, 1311 (11th Cir. 2017) (quoting *Strickland v. Alexander*, 772 F.3d 876, 883 (11th Cir. 2014)).[7] Further, "to establish standing to pursue injunctive relief, a plaintiff must plead a genuine threat of imminent future injury." *New v. Lucky Brand Dungarees Stores, Inc.*, 51 F. Supp. 3d 1284, 1285 (S.D. Fla. 2014). The foregoing also means that, if the named plaintiff cannot satisfy this standard as to the substantial likelihood of future injury, the named plaintiff cannot seek such relief on behalf of a class. *Navellier*, 672 Fed. App'x at 928

---

[7] This concept has been applied in the automobile insurance context. *See, e.g.*, *Coccaro v. Geico Gen. Ins. Co.*, 648 Fed. App'x 876, 879-80 (11th Cir. 2016); *Perez v. GEICO Indemn. Co.*, Case No. 1:14-cv-24781, 2015 WL 11233076, at *3 (S.D. Fla. May 7, 2015) (granting motion to dismiss injunctive relief claims).

8

49327581;1

(affirming dismissal of injunctive relief claims and noting that, "[i]f the named plaintiff seeking to represent a class fails to establish the requisite case or controversy, he may not seek relief on his behalf or on that of the class").

The Complaint lacks the required pleading of such facts as to both Plaintiffs. Thus, putting aside that Plaintiffs have failed to allege the general requisites for pleading entitlement to injunctive relief (as noted in Section II.A. above), there are no allegations of facts as to each of the Plaintiffs such that there is a substantial likelihood of future injury and that such future injury is imminent. Thus, the injunctive relief claims asserted in both Counts I and II would be defective, even if, for the sake of argument, Plaintiffs could pursue injunctive relief for breach of contract.

Moreover, based on the facts actually pleaded in the Complaint, the assertion of any such claim on behalf of Paris would be impossible--- and, thus, any attempt to assert such a claim would be futile. Importantly, the Complaint makes clear that Plaintiff Paris, who was not a named insured under a Progressive American policy, is solely suing in his capacity as the "Personal Representative of the Estate of Henry Paris, Jr., who was a named insured under a Progressive American automobile policy" (Compl., ¶ 1) but who is now deceased (*id.*, ¶¶ 7, 22).

Typically, injunctive relief is not available when the claimant who was affected by the conduct in question is deceased. *See Gaylor v. North Springs Assocs., LLLP*, 648 Fed. App'x 807, 811 (11th Cir. 2016). Further, when a plaintiff is the personal representative administering an estate, standing in the shoes of the decedent, the seeking of prospective injunctive relief is not viable. *See, e.g.*, *Goodwin v. C.N.J. Inc.*, 436 F.3d 44, 48-49 (1st Cir. 2016) (holding that executrix of estate could not seek injunctive relief); *Golthy v. Alabama*, 287 F. Supp. 2d 1259, 1263 (M.D. Ala. 2003) (granting motion to dismiss as administratrix of estate lacked standing to seek prospective injunctive relief). Put differently, if the named insured would lack standing to pursue

a claim for prospective relief, it necessarily follows that a person who solely acts in a representative capacity also lacks standing.  *cf. A&M Gerber Chiro. LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1211 (11th Cir. 2019) (holding that, because assignee stands in the shoes of the named insured and named insured did not have standing to assert claim, it necessarily followed that assignee lacked standing to sue insurer for alleged prospective harm).  In short, it is axiomatic that, because (a) the named insured is deceased and (b) the insured vehicle was already totaled, Paris cannot possibly satisfy the likelihood and immediacy elements necessary to establish standing to pursue injunctive relief, either individually or on behalf of a putative class.

## Conclusion

For the foregoing reasons, Defendants respectfully request that this Court grant this Motion to Dismiss and grant Defendants such other relief as may be just and proper.

*Counsel for Defendants Progressive American Insurance Company and Progressive Select Insurance Company*

*/s/Bryan T. West*
Marcy Levine Aldrich (FBN 0968447)
Bryan T. West (FBN 83526)
Akerman LLP
Three Brickell City Centre
98 Southeast Seventh Street
Miami, Florida 33131
Telephone: 305-374-5600
Telefax: 305-374-5095
marcy.aldrich@akerman.com
bryan.west@akerman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed through the CM/ECF system on this 9th day of July, 2019.

*/s/ Bryan T. West*
Attorney

49327581;1