IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISON

MICHAEL PARIS, as Personal
Representative of the Estate of
HENRY PARIS, JR., et. al              CASE NO.:19-21761-CIV-Dimitrouleas

    Plaintiffs,

v.

PROGRESSIVE AMERICAN
INSURANCE COMPANY, and
PROGRESSIVE CORPORIATION,

    Defendants.
_____/

## ORDER GRANTING IN PART MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss Second Amended Class Action Complaint for Damages [DE 61] (the "Motion"), filed herein on July 9, 2019.  The Court has carefully considered the Motion, the Response [DE 70], the Reply [DE 71], and is otherwise fully advised in the premises.

The operative pleading is the Second Amended Class Action Complaint [DE 32] (the "SACAC"), filed on February 11, 2019. Class Plaintiffs Michael Paris ("Paris") and Christie Hegel ("Hegel") seek relief on behalf of a class of insureds whose vehicles had been declared a total loss by Defendants. The SACAC states the following claims: Count I for Breach of Contract by Plaintiff Paris Against Defendant Progressive American; and Count II for Breach of Contract by Plaintiff Hegel Against Defendant Progressive Select. [DE 32].

Plaintiffs brought this action "on behalf of themselves and all other similarly situated insureds that has suffered damages due to Defendants' practice of refusing to pay full ACV

[Actual Cash Value] mandatory regulatory taxes, costs and fees (Full Total Loss Payment or "FTLP") to first-party and total-loss insureds on physical damage policies containing comprehensive and collision coverages." ¶ 3. Plaintiffs allege that Defendants' failure to pay sales tax, title transfer fees, and tag transfer fees in conjunction with the total loss payment amounts to a breach of contract.

Defendants filed the instant Motion to Dismiss arguing that the SACAC is subject to dismissal for two reasons: (1) Count I alleges a claim against Progressive American for breach of contract, in part, for failure to pay sales tax to insureds on total loss claims, but class representative Paris was paid sales tax by Progressive American, depriving Paris of standing to assert this claim on behalf of the putative class; (2) Plaintiffs are not entitled to injunctive relief. Plaintiffs concede the second point—that they are not entitled to injunctive relief, so the Court addresses only the first argument presented in the Motion to Dismiss.

While Defendants frame the issue as one of standing, in actuality, their arguments address the adequacy of a named Plaintiff, Paris, to represent the interests of the class. The Court will not determine that issue at this juncture. Defendants may raise the issue of the adequacy of class plaintiffs in response to a motion to certify class. Any claim for injunctive relief in the SACAC is dismissed. The SACAC is otherwise adequately plead.

### III. CONCLUSION

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss [DE 61] is **GRANTED in part and DENIED in part**;

2. Any claim for injunctive relief in the SACAC is **DISMISSED**;

3. Defendants shall answer within 14 days.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of August, 2019.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:

All Counsel of Record